IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
NOV - 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Jane Doe, Petitioner            )   Msc 07-460(GK)
                                )   related
                                )   to
v.                              )   Criminal No. 07-46 (GK)
                                )
U.S.A., Respondent              )
                                )
                                )
                                )
                                )

## EXPEDITED MOTION TO INTERVENE AND MOTION FOR PROTECTIVE ORDER

COMES NOW, JANE DOE, by and through her attorney, Athan T. Tsimpedes, and pursuant to the Federal Rules of Criminal Procedure, moves this court to intervene and issue a protective order regarding its Ominbus ruling of October 18, 2007, as it relates to the disclosure of the name of JANE DOE as a possible exculpatory witness for Defendant. In support, JANE DOE for good cause and reasons states as follows:

1. Counsel for JANE DOE was contacted by the Government late last week and was informed of the

   Court's decision and the government's requirement to provide the name of JANE DOE. That the Government has been informed of the potential irreparable harm that may result to my client should it provide the name or if it otherwise disclosed to the public. That the Government is awaiting the ruling of this court.

2. JANE DOE has been thrust into this matter and the media as a result of Defendant and her agents determination to break a news story because she was employed as a legal

secretary/paralegal working for a prestigious law firm in the District of Columbia, and not for any substantive reasons. JANE DOE'S employment was terminated and has been trying ever since to put her life back together.

3. Although the Defendant argues the name of JANE DOE is needed to investigate possible exculpatory evidence, JANE DOE'S name is immaterial to any information that Defendant seeks and if requested can be provided to Defendant without disclosure of the name of JANE DOE.

4. The information sought by Defendant, if any, from JANE DOE, is already in Defendant's possession and therefore, cumulative and is meant to harass, annoy or serve an illegitimate purpose.

5. The information sought by Defendant serves no legitimate purpose as the actual name of JANE DOE is irrelevant to Defendant's defense and can serve no legitimate purpose.

6. The Defendant can obtain information from JANE DOE, by and through her counsel that would lessen the likelihood that her name will be disclosed for illegitimate or reasons not related to Defendant's criminal proceedings.

7. There is no value to disclosing the name of JANE DOE'S because Defendant can obtain information requested from her while concealing her identity.

8. The Defendant is aware of JANE DOE and has access to her through her attorney and has previously communicated via media persons.

9. Due to the limited time to respond for JANE DOE, and the brevity of this motion, counsel for JANE DOE requests that, if necessary, a hearing be set and/or be allowed to supplement this Motion.

10. Unlike the Defendant, JANE DOE would like to keep her privacy and name from the

public.

11. Counsel for JANE DOE had contacted Defendant's attorney and expressed his concerns for his client. Attorney for JANE DOE has now been informed that Defendant seeks to subpoena JANE DOE for a hearing set for November 28, 2007. (See attached as Exhibit A). This would obviously disclose to the world the identity of JANE DOE that necessitates the instant Motion to Intervene and for a Protective Order. Defendant's Counsel has not responded to the request by JANE DOE'S attorney for consent to this Motion.

12. Despite a stipulated protective order in place between the Government and Defendant, there are insufficient safeguards to protect JANE DOE, who has been a victim in this matter.

WHEREFORE, for the following reasons, JANE DOE, respectfully requests that she be allowed to intervene and moves this court for a protective order protecting her name from being disclosed pursuant to the Order entered on October 18, 2007 in this matter.

REQUEST FOR A HEARING

JANE DOE by and through her counsel requests a hearing on this matter, if this court deems it necessary.

Respectfully submitted,

*/s/ Athan T. Tsimpedes*
Athan T. Tsimpedes
Law Offices of Athan T. Tsimpedes
1420 New York Avenue, NW
7th Floor
Washington, DC 20005
202-638-2100
202-449-3499 fax
atsimpedes@comcast.net
Attorney for JANE DOE

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing Motion to Intervene and Motion For Protective Order, was mailed, postage prepaid, and sent via email, on this 7th day of November, 2007 to:

Montgomery Blair Sibley
1629 K Street
Suite 300
Washington, DC 20006
Attorney for Deborah Jean Palfrey

Assistant United States Attorney
Catherine Connelly
555 Fourth Street, NW
Room 4818
Washington, DC 20530

*/s/ Athan T. Tsimpedes*
Athan T. Tsimpedes

EXHIBIT    A

# CENTER FOR FORFEITURE LAW

1629 K Street, Suite 300
Washington, D.C. 20006

**MONTGOMERY BLAIR SIBLEY**
202-508-3699
202-478-0371 (E-FAX)
SIBLEY@CIVILFORFEITURE.COM

**ADMITTED TO PRACTICE:**
FLORIDA
NEW YORK
DISTRICT OF COLUMBIA

November 6, 2007

Via: Email: atsimpedes@comcast.net &
     Fax: 202-449-3499
Athanasios Tsimpedes
Law Offices of Athan T Tsimpedes
1420 New York Avenue NW, 7th Floor
Washington DC 20005
Phone: 202-638-2100

    Re:   *U.S. v. Palfrey*
          Case No.: 07-046-GK

Greetings:

    Thank you for speaking with me last Wednesday. I look forward to your client's prompt response regarding whether she would agree to meet with me to discuss this matter. Jeane is as anxious as your client to avoid any further publicity for any of those affected by the prosecution of Jeane.

    As I trust you have learned, Judge Kessler has set an evidentiary hearing in that matter on Jeane's motion to dissolve the injunction which prohibits her from pursuing the civil lawsuit she has filed against another former escort, Paula Neble, for November 28, 2007, at 10:00 a.m. in Courtroom 26A. That injunction was entered upon representations by the government that the civil lawsuit was filed, according to the government, to "harass and to attempt to have witnesses in a federal criminal prosecution recant testimony".

    I write to inquire whether you are authorized to and will accept the subpoena I have issued for your client for that hearing. Alternatively, whether you will provide me her address so that I can get her served. I am, of course, available to speak about these matters.

Yours,

*[signature: M. Sibley]*

**FILED**
NOV - 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Exhibit A
Attachment
MISC. No. 07-460-GK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jane Doe, Petitioner )  Misc 07-460 (GK)
) related to
)
v. ) Criminal No. 07-46 (GK)
)
)
U.S.A., Respondent )
)
)
)

## ORDER

UPON CONSIDERATION of JANE DOE'S Motion to Intervene and Motion for Protective Order, and any opposition thereto, it is this _____ day of _____, hereby GRANTED; and it is further

**ORDERED** that the US Government shall not disclose the name of JANE DOE to Defendant as previously Ordered in the October 18, 2007 Omnibus Order; and it is further

**ORDERED** that a hearing on this matter be scheduled on the _____ day, _____, 2007, in the am/pm.

_____
JUDGE, United States District Court
For the District of Columbia.